NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3288

WILLIAM A. DONALDSON,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  March 8, 2006

_____

Before NEWMAN, BRYSON, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

William A. Donaldson appeals from a decision of the Merit Systems Protection Board, Docket No. SF-0831-04-0546-I-1, affirming a decision of the Office of Personnel Management ("OPM") that denied Mr. Donaldson's post-retirement election of a survivor annuity for his spouse.  We <u>affirm</u>.

## BACKGROUND

Mr. Donaldson retired under the Civil Service Retirement System on June 2, 2001.  At the time of his retirement from federal service he was unmarried, and he did

not elect a survivor annuity benefit. On December 13, 2001, he married. OPM asserts that it sent Mr. Donaldson two notices—in December 2001 and December 2002—advising him that under 5 U.S.C. § 8339(k)(2)(A) he had two years from the date of any post-retirement marriage to file an application for a survivor annuity.[1] Although Mr. Donaldson states that he does not specifically recall those notices, he acknowledges receiving other correspondence from OPM during the same time period, and acknowledges that he may have received the 2001 and 2002 notices.

Mr. Donaldson contends that he wrote to OPM "sometime in between July 2003 and September 2003." However, neither Mr. Donaldson nor OPM has any record of any letter from that time period. Moreover, his statement regarding the letter suggests that he did not request a survivor annuity at that time, but merely requested information about the cost of a survivor annuity.

The first correspondence of record received by OPM from Mr. Donaldson regarding a survivor annuity is a letter dated February 21, 2004—more than two months after Mr. Donaldson's deadline for filing an application for a survivor annuity. In that letter, Mr. Donaldson mentioned that he married in 2001, and he asked, "Is it still possible to have my new wife be the recipient of my annuity? If so, how much will be deducted from my monthly salary and what paperwork do I need to do to make her the recipient?" The agency denied Mr. Donaldson's February 2004 request for a survivor

---

[1] The administrative judge's opinion states that OPM sent the notices in December of 2001 and 2003, suggesting that no notice was sent in 2002. The record indicates, however, that the agency sent annual notices, including one in December 2002, as required by 5 U.S.C. § 8339 note. The omission of "2002" in the opinion appears to have been an error, and Mr. Donaldson does not contend that he did not receive the annual notice for 2002.

annuity as untimely under 5 U.S.C. § 8339(k)(2)(A).  The agency denied his request for reconsideration on the same ground, and the Merit Systems Protection Board affirmed that denial.  Mr. Donaldson appeals.

DISCUSSION

Mr. Donaldson first contends that the letter he claims to have sent to OPM in 2003 was a timely request for a survivor annuity.  Based on the evidence of record, the Board concluded that there was no showing that Mr. Donaldson sent, or that OPM received, any letter regarding a survivor annuity in 2003.  Moreover, the Board concluded that Mr. Donaldson's statement regarding the alleged 2003 letter suggested that the letter did not request a survivor annuity but merely requested information about a survivor annuity.  We sustain the Board's conclusion that Mr. Donaldson failed to make a timely request for a survivor annuity.

Mr. Donaldson next argues that the untimeliness of his request was a "minor error," and that it should therefore be excused.  Congress, however, established a firm deadline in 5 U.S.C. § 8339(k)(2)(A) and provided no exceptions to that deadline.  In Schoemakers v. Office of Personnel Management, 180 F.3d 1377 (Fed. Cir. 1999), we expressly rejected the argument that the filing deadline under section 8339(k)(2)(A) could be waived.  As we noted in that case, and reiterate here, we lack "authority to waive requirements (including filing deadlines) that Congress has imposed as a condition to the payment of federal money."  180 F.3d at 1382.

Finally, although Mr. Donaldson states that he does not specifically recall receiving annual notices of his election rights, he does not appear to challenge the agency's claim that it sent him the annual notices, as required by 5 U.S.C. § 8339 note.

Moreover, OPM provided sufficient evidence to show that it sent annual notices to Mr. Donaldson, and in the absence of any evidence from Mr. Donaldson that he did not receive those notices, OPM's evidence was sufficient to support the Board's finding that the required notices were provided to him. Indeed, the affidavit offered by OPM in this case appears identical to the affidavit we found to constitute sufficient evidence of annual notice in the <u>Schoemakers</u> case, 180 F.3d at 1381. The Board's decision is therefore affirmed.